IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| IN THE MATTER * | |
| OF THE COMPLAINT * | |
| * | |
| OF * | Case No.: 1:21-cv-00001 |
| * | |
| JOHN C. ZIMMER, * | IN ADMIRALTY |
| Owner of the BlackJack 224 Bay Boat, * | |
| Hull Identification No. K2MA50A97213, * | |
| and the Seaward 32 Sailboat, * | |
| Hull Identification No. HZK32195C313, * | |
| For exoneration from or limitation of * | |
| liability. * | |

**ORDER**

This matter is before the Court on Petitioner's Rule 55 motion for entry of final default judgment against all non-filing parties. (Doc. 12).

**I. Background**

On January 5, 2021, Petitioner, as owner of the BlackJack 224 Bay Boat, Hull Identification No. K2MA50A97213 (the "BlackJack"), and the Seaward 32 Sailboat, Hull Identification No. HZK32195C3A3 (the "Seaward"), filed a Verified Complaint for Exoneration from or Limitation of Liability pursuant to the Shipowners' Limitation of Liability Act, 46 U.S.C. §§ 30501-30512, and Supplemental Admiralty Rule F of the Federal Rules of Civil Procedure, for any injuries, death, damages, or losses of whatever description arising from the breakaway of the BlackJack and Seaward ("Vessels") during Hurricane Sally on September 16, 2020.  (Doc. 1).

On January 13, 2021, the Court entered its Order granting interim relief.  (Doc. 4).  That Order required that a Notice be published in accordance with Supplemental Rule F and that

Petitioner mail, not later than the day of the second publication, a copy of said Notice to every person known to have made any claim against Petitioner or the Vessels arising out the incident described in the Complaint.  Said mailings and public notice were made.  (Docs. 7 and 8). Pursuant to Supplemental Rule F(4), the Court's Order gave notice to all "persons or corporations" with claims with respect to the incident involving the Vessels on September 16, 2020.  (Doc. 6).  The Order and Notice directed that all persons having such claims must file them as provided for in Supplemental Rule F with the Clerk of Court and serve on or mail to Petitioner's attorney a copy thereof, on or before March 11, 2021.  (Docs. 4 and 6).

The deadline for receipt of Claims and Answers has expired.  No Answer or Claim was filed prior to the expiration of the deadline.  On April 19, 2021, Petitioner moved for Entry of Default against all non-filing/appearing parties. (Doc. 9). On May 7, 2021, per Federal Rule of Civil Procedure 55(a), the Court granted Petitioner's Motion and the Clerk entered a default against all non-filing parties.  (Docs. 10 and 11).

Petitioner moves for entry of final default judgment as to all non-filing/appearing parties.  (Doc. 12).

**II. Discussion**

Entry of a final default judgment for exoneration is proper as to potential claimants who have not responded to a newspaper publication of a court's notice to assert claims by a certain date, so long as the moving petitioners have satisfied the publishing/notice obligations.  *See, e.g.*, *In re. Complaint of Freedom Marine Sales LLC*, 2019 U.S. Dist. LEXIS 138275 (M.D. Fla. July 31, 2019); *In re. Complaint of Heningburg*, 2019 U.S. Dist. LEXIS 183074 (S.D. Ala. Oct. 22, 2019); *In re. Raye, LLC*, 2016 U.S. Dist. LEXIS 83734 (M.D. Fla. May 9, 2016), *report and recommendation*

*adopted* 2016 U.S. Dist. LEXIS 83732 (M.D. Fla. Jun. 28, 2016); *In re. Ruth*, 2016 U.S. Dist. LEXIS 120768 (M.D. Fla. Aug., 23, 2016) *report and recommendation adopted* 2016 U.S. Dist. LEXIS 120549 (M.D. Fla. Sept. 7, 2016); *In re Petition of Holliday*, 2015 U.S. Dist. LEXIS 67856 (M.D. Fla. May 26, 2015); *In the Matter of Reef Innovations, Inc.*, 2012 U.S. Dist. LEXIS 7474 (M.D. Fla. Jan. 6, 2012); *In the Matter of X-Treme Parasail, Inc.*, 2011 U.S. Dist. LEXIS 116739 (D. Haw. Sept. 12, 2011).

Petitioner has complied with the publication notice requirements per Supplemental Rule F(4). (Docs. 7 and 8). The Court's Order (Doc. 4) and Publication Notice (Doc. 6) identify the consequences for failure to file claims within the time ordered, including potential default. Such notice by publication and mail satisfies due process as to any potential claimants. The time for filing any claims against the Petitioners has expired. Entry of default judgment is proper when a party "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). As shown by the record, any parties wishing to make a claim with respect to the subject of this case had to file a claim by March 11, 2021. The deadline to file a claim has passed. Thus, those parties – albeit unidentified/unknown – who/which have already been found to be in default, are now properly subject to entry of a default judgment against them.

### III. Conclusion

Accordingly, it is **ORDERED** that the Petitioner's motion for default judgment against all non-filing/appearing parties (Doc. 12) is **GRANTED** such that **DEFAULT JUDGMENT** is entered in favor of Petitioner and against all non-filing/appearing parties (parties that have not answered

or filed claims) with regard to this case for any injuries, death, damages, or losses of whatever description arising from the breakaway of the Vessels on September 16, 2020.

**DONE and ORDERED** this 28th day of May, 2021.

/s/ JEFFREY U. BEAVERSTOCK
UNITED STATES DISTRICT JUDGE